1  William R. Overend (SBN 180209)
   Email: woverend@reedsmith.com
2  Seth B. Herring (SBN 253907)
   Email: sherring@reedsmith.com
3  Monica M. Ortiz (SBN 25982)
   Email: mortiz@reedsmith.com
4  REED SMITH LLP
   101 Second Street, Suite 1800
5  San Francisco, CA 94105
   Telephone: +1 415 543 8700
6  Facsimile: +1 415 391 8269

7  Christine M. Neuharth (SBN 263509)
   Email: cneuharth@reedsmith.com
8  REED SMITH LLP
   1901 Avenue of the Stars, Suite 700
9  Los Angeles, CA 90067-6078
   Telephone: +1 310 734 5200
10 Facsimile: +1 310 734 5299

11 Vanessa Martí Heftman (*pro hac vice*)
   Email: vheftman@reedsmith.com
12 REED SMITH LLP
   10 So. Wacker Dr., Chicago, IL 60606
13 Telephone: +1 312 207 1000
   Facsimile: +1 312 207 6400

14 Attorneys for Plaintiff
   Extreme Reach, Inc.

JS-6

**FILED**
CLERK, U.S. DISTRICT COURT
October 18, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXTREME REACH, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PRIORITYWORKFORCE, INC., a California Corporation; COMMAND POINT, INC., a California Corporation; CHARLIE STEINER, an individual; SUKHWINDER PABLA, an individual; and STEPHEN CHOW, an individual,<br><br>　　　　　Defendants. | No.: 2:17-cv-06796-SJO-JC<br><br>**[PROPOSED]** **ORDER FOR PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION** |

Pursuant to the parties' Stipulation, and good cause appearing,

IT IS HEREBY ORDERED that:

1. Defendants PriorityWorkforce, Inc. (expressly including its affiliated corporation PLP Entertainment, Inc. d.b.a., Revolution Payroll) and Command Point, Inc., and their subsidiaries, divisions, successors, assigns, officers, directors, agents, shareholders, and employees, along with Defendants Charlie Steiner, Sukhwinder Pabla, and Stephen Chow (collectively, "Defendants"), shall be permanently restrained and enjoined from:

    a. using or disclosing Extreme Reach's confidential, proprietary or trade secret materials or information concerning the design, development, operation and implementation of Extreme Reach's Nexis production accounting software, which consists of any source code, database tables, reports, functional specifications, technical specifications, screenshots, and design documents related thereto;

    b. using or disclosing Extreme Reach's confidential, proprietary or trade secret materials or information regarding (i) its customers or prospective customers (which consists of Extreme Reach customer lists and key contacts, customer lead lists, aggregate customer reports, year-over-year profitability reports, commercial quotes and contracts, sales pipeline reports, project information quotes, profit margin reports, pricing, supplier contacts and prospects, fee schedules and rate sheets, customer contracts and proposals, customer preferences and past purchases, and customer software needs and other historical information); (ii) its employees, which consists of Extreme Reach employee salaries, skill levels, and capabilities; and (iii) any other non-public financial information regarding Extreme Reach (including its profits,

margins, revenues, and expenses). Any information which Defendants can establish is already in the public domain through no fault of Defendants or their agents or employees or becomes available to Defendants through a proper source having a right to disclose the information shall not be considered "confidential, proprietary or trade secret" information under this provision.

2. Violation of this injunction shall subject Defendants to contempt and any remedy available at law or equity, including, but not limited to, injunctive relief, monetary damages and the award of reasonable attorneys' fees and costs in enforcing this injunction.

3. Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, this Action is hereby voluntarily dismissed in its entirety with prejudice.

4. This Court shall retain jurisdiction of this matter in connection with any disputes arising out of the settlement agreement entered into between the parties and any possible violations of this Permanent Injunction.

5. The parties are each to bear their own attorneys' fees and costs incurred in connection with this action.

IT IS SO ORDERED.

DATED: October 18, 2018.

*S. James Otero*

By_____
The Honorable James S. Otero
U.S. District Judge